HATHAWAY (SLOCUM v.). See Case No. 12,952.

HATHAWAY (SWIFT v.). See Case No. 13,-698.

HATHAWAY (UNITED STATES v.). See Case No. 15,326.

## Case No. 6,214.

### In re HATHORN et al.

### [2 Woods, 73.] [1]

Circuit Court, D. Louisiana. April Term, 1875.

BANKRUPTCY—JURISDICTION OF FEDERAL AND STATE COURTS.

1. The bankrupt court, in a proceeding by two partners in a firm of three, to have the partnership adjudicated bankrupt, has jurisdiction over the partnership property, although the third partner, in a proceeding in a state court to settle the partnership, and to obtain a decree for the amount due him from his copartners, has had himself appointed receiver and is in possession of the partnership assets.

2. In such a case, the bankrupt court may enjoin such third partner from disposing of the assets of the partnership, or from any interference with them until the question, whether or not the firm is bankrupt, can be tried.

The firm of Hathorn & Batchelor consisted of Fergus Hathorn, T. J. C. Batchelor and A. J. Reid. It was dissolved on the 13th of November, 1874, by the withdrawal of Hathorn. On the 20th of the same month Hathorn filed a petition in the fifth district court of the parish of New Orleans against his late partners, in which he stated, that the partnership had been dissolved by his own withdrawal, and that owing to disagreement between himself and them, an amicable settle-

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

ment of the partnership could not be effected, and in which he prayed for an accounting, for a settlement of the partnership, for a decree in his favor against the other members of the late firm for what would appear to be due from them to him on such settlement, and for a receiver for the partnership property. To this petition an answer was filed by the defendants, averring that the firm was insolvent, that there was no necessity for a receiver, and declaring a purpose on the part of defendants to go into bankruptcy. On January 4, 1875, the state court decided that the partnership was insolvent, and decreed the appointment of a receiver, and on the 12th of January, ordered that Fergus Hathorn be appointed receiver, on giving bond in the sum of $10,000. In the mean time, to-wit, on the 11th of January, 1875, Batchelor and Reid, the other members of the late firm, filed their petition in the United States district court, in which they alleged, that the said firm of Hathorn & Batchelor, and they, individually, were insolvent, and praying that they might be adjudged bankrupt. The adjudication was made in conformity with the prayer of the petition, and Berry Russell and C. W. Wood appointed assignees. Afterwards, on the 16th of March, 1875, an order was served on Fergus Hathorn to show cause on the 20th of the same month, why the firm should not be declared bankrupt, and its property and effects turned over to said assignees for administration. Hathorn filed an answer, denying the insolvency of the firm and demanding a trial of the issue by a jury. This demand rendered a decision of the issue impossible until the appointment of a district judge for this district. These matters having transpired on the 5th of April, the assignees filed their petition in the bankrupt court, praying an injunction against Hathorn, forbidding him from making any disposition of partnership property and assets, or from any interference therewith until the issue of bankruptcy vel non of said firm could be tried. This petition was submitted to the circuit judge during a vacancy in the office of district judge, for an order directing the injunction to issue as prayed for. It was objected that this court had no jurisdiction to make this order, because all the assets of the firm were in the hands of the state court for administration.

W. O. Denegre and B. F. Jonas, for petitioner.

E. W. Huntingdon, contra.

WOODS, Circuit Judge. It has been held in a case where the facts were almost identical with the facts in this, that one member of a firm is not prevented from calling the partnership into court, and having it declared bankrupt because of the proceedings in the state court. In re Noonan [Case No. 10,292]. The inference is inevitable, that the bankrupt

court has the right in such case to administer the bankrupt property, notwithstanding the order of the state court placing it in the hands of a receiver. It seems to me, that the position taken by respondent is equivalent to a denial of the power of the bankrupt court to adjudge a firm bankrupt, and administer its assets, if one of the members has applied to the state court for the settlement of the partnership and the appointment of a receiver: in other words, that a failing firm may defeat the operation of the bankrupt act [of 1867 (14 Stat. 517)], by applying to a state court to settle its affairs and distribute its assets. "The design and purpose of the bankrupt law is, that the property of insolvents shall be secured to their creditors in the very mode pointed out thereby, with all the facilities for its appropriation, all the security for its administration, all the safeguards against fraud, all the protection against device to establish false claims, fictitious debts and illegal or inequitable preferences, which that act provides, and in the summary manner in which the proceedings are required to be conducted. It is not, therefore, for the debtors, or for the debtors and some of the creditors, to say, we can devise a better, or safer, or more economical mode of reaching the same final result. If it were true, it would be only saying, we will resort to an expedient to defeat the bankrupt law. and our reason therefor is, that we think our plan is wiser and better than that which congress has seen fit to prescribe." Woodruff, Circuit Judge, in Re Bininger [Case No. 1,420]. See, also, Thornhill v. Bank [Id. 13,992]; In re Merchants' Ins. Co. [Id. 9,441]; In re Independent Ins. Co. [Id. 7,017]; In re Safe Deposit Institution [Id. 12,211]. This is not the case where a creditor is proceeding in a state court to enforce his claim against the property of his debtor, and has had a receiver appointed before the proceedings in bankruptcy were commenced, but it is the case of a member of a firm against which a petition in bankruptcy is pending, seeking to have the assets of the firm administered by the state court for his own benefit. and that he may enforce his individual claim to the partnership assets against his copartners. To hold that such a proceeding bars the action of a court of bankruptcy, or protects the assets of the firm from administration in the bankrupt court, would be to allow all copartners at their option to defeat the bankrupt law, and transfer the power and jurisdiction of the bankrupt courts to the state courts in all cases of the insolvency of partnerships. In my judgment, the assets of this firm ought to be preserved by the order of the bankrupt court to await the result of the trial of the issue of bankruptcy vel non, and the injunction ought to issue to restrain Hathorn as prayed for in the petition of the assignees. Ordered accordingly.